**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| AHMAD R. SHAYESTEH,<br><br>      Plaintiff,<br><br>  v.<br><br>CENTRAL BANK et al.,<br><br>      Defendants. | Case No. 2:04-CV-488 TS<br><br>**MEMORANDUM DECISION AND ORDER DENYING RULE 12(B)(7) MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

Plaintiff, Ahmad R. Shayesteh, an inmate at the Federal Correctional Institute in Sandstone, Minnesota, filed this civil suit under the Right to Financial Privacy Act of 1978, and 28 U.S.C. § 1332.  *See* 12 U.S.C.S. §§ 3401-3422 (2005); 28 *id.* § 1332 (2005).  This case is now before the Court on Defendants' renewed Motion to Dismiss for Failure to Join Indispensable Parties.

**ANALYSIS**

**I. Motion to Dismiss**

Defendants move for dismissal of Plaintiff's Complaint under Rule 12(b)(7) asserting that Plaintiff has failed to join an indispensable party, namely the United States of America, as required under Rule 19.  *See* Fed. R. Civ. P. 12 and 19. Defendants argue that the United States is indispensable to this

litigation because Plaintiff has stated, both in forfeiture proceedings (*USA v. $72,100*, 2:03CV140DS) and in a more recently filed civil suit (*Shayesteh v. Raty*, 2:05CV85TC), that federal agents were responsible for the same losses alleged here.

Defendants raised this same issue in a previous motion to dismiss filed October 22, 2004 (Doc. no. 11).  The Court denied that motion based on its finding that the United States, as an alleged joint-tortfeasor, is merely a "permissive" party whose joinder is not "necessary" under Rule 19(a)(1).  *See* Fed. R. Civ. P. 19(a) *Advisory Committee Note* ("a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability").  The Court further found that the United States could not be considered a necessary party under Rule 19(a)(2) because it had not "claim[ed] an interest" in this litigation.  Finally, based on its finding that Defendants failed the threshold requirement of showing that the United States is a "necessary" party under Rule 19(a), the Court declined to address whether the United States was "indispensable" to this litigation under Rule 19(b).  *See Yates v. Applied Performance Technologies, Inc.*, 209 F.R.D. 143, 148 (S.D. Ohio 2002)("If the Court determines that the person is not 'necessary' to the action, no further analysis, and no joinder, is needed.")

Defendants' current motion effectively asks the Court to

2

reconsider its previous ruling--that the United States is not a "necessary" party to this litigation--in light of Plaintiff's sworn statements in *Raty*, which was filed after Defendants' previous motion to dismiss.[1]  Defendants argue that Plaintiff's claims against various federal agencies and employees in *Raty* are substantially based on the same events and seek relief for the same losses alleged here; making joinder of the United States here all the more necessary.  Defendants conclude that "because the Plaintiff prays for the same alleged losses against many other defendants, or unjoined parties, in multiple suits, complete relief cannot be granted to the Plaintiff or to the Defendant in this suit."  (Defs.' Reply Mem. at 4.)

Plaintiff's response to Defendants' motion argues that Defendants are estopped from re-litigating the joinder issue under the doctrine of issue preclusion.  Plaintiff asserts that this motion is merely a rehash of Defendants' original Rule 12(b)(7) motion to dismiss, and is intended merely to harass, delay or unnecessarily increase the cost of this litigation.  Thus, Plaintiff requests sanctions against Defendants under Rule 11.  *See* Fed. R. Civ. P. 11.

---

[1] Defendants' first motion to dismiss under Rule 12(b)(7) was filed on October 22, 2004.  The Complaint in *Shayesteh v. Raty* (2:05CV85TC) was filed on February 11, 2005.

As an initial matter, the Court rejects Plaintiff's assertion that the present motion is entirely redundant, and, therefore, barred by res judicata.  As Defendants point out in their reply brief, although the present motion reiterates Defendants' previous joinder argument, it is primarily based on Plaintiff's allegations in *Raty*, which was filed after Defendants' original motion to dismiss.  While Defendants' present motion and argument is strikingly similar to their previous motion, the Court does not believe it was filed for any improper purpose.  Thus, the Court denies Plaintiff's request for sanctions as unfounded.

Turning to the merits of Defendants' motion, the Court finds that Defendants have not met their burden of showing that the United States is a necessary party to this case.  *See Rishell v. Jane Phillips Episcopal Memorial Medical Center*, 94 F.3d 1407, 1411 (10th Cir. 1996)(moving party has the burden of persuasion in arguing for dismissal).  First, Defendants seem to misconstrue Plaintiff's allegations against federal agents in *Raty* as an exclusive, rather than an alternative, theory of liability. While Plaintiff does allege, both in the forfeiture proceedings and the *Raty* case, that the actions of various government officials led to the loss of his diamonds and currency, those allegations do not preclude Plaintiff from arguing here that

Defendants were jointly liable for the same losses.

Second, as the Court explained in denying Defendants' previous motion, the United States role as a potential joint tortfeasor does not make it a necessary party in this case because "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 8, 111 S. Ct. 315, 316 (1990). As for Defendants' contention that failure to join the United States will result in multiple proceedings and inconsistent outcomes, other courts have noted that these concerns "can occur whenever joint tortfeasors are not parties to the same lawsuit . . . [and] do[] not require a finding that joint tortfeasors are necessary or indispensable parties." *PainWebber, Inc. V. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001), *cert. denied*, 537 U.S. 815, 123 S. Ct. 83 (2002).

Finally, Defendants have not offered any support for their contention that "the United States' interest in this action would be impaired should it not be a party." (Supp. Mem. (Doc. no. 84) at 9.) In fact, Defendants have not even shown that the United States has an interest in this litigation, much less that it actually *claims* such an interest, as required under Rule 19(a)(2). The crux of Defendants' argument appears to be that:

> To not include the United States as a party would not

>     allow the United States to present any evidence rebutting
>     Shayesteh's statements, as well as the possibility of
>     findings of fact being entered which may state that it
>     was the FBI and or DEA agents that were responsible for
>     Shayesteh's alleged loss.

(Defs.' Mem. Supp. Mot. Dism. at 9.)  However, because Plaintiff's claims in this case do not inculpate federal agents the United States clearly has no legal interest in rebutting them.  Moreover, it is unlikely that findings of fact regarding FBI or DEA agents' liability would be entered in this case because their liability is not at issue here.  In sum, while it may be beneficial to Defendants for the United States to be joined in this case, that does not make the United States necessary or indispensable to this litigation under Rule 19.

Because Defendants have not carried their burden of showing that the United States is a necessary party to this litigation Defendants' renewed motion for dismissal under Rule 12(b)(7) is denied.

## II. Case Status

In its order denying Defendants' previous Rule 12(b)(7) motion to dismiss the Court withheld a decision on Defendants' alternative motion for summary judgment to allow Plaintiff an opportunity to conduct limited discovery necessary to prepare a response.  On February 24, 2006, the Court denied without

prejudice Defendants' motion for summary judgment and instructed Defendants to clarify and renew their summary judgment motion within thirty days.  No subsequent motion for summary judgment was ever filed.

On July 11, 2006, a Scheduling Order was entered setting a discovery cutoff date of January 1, 2007, and a dispositive motions deadline of February 28, 2007.  No trial dates or pretrial deadlines have been set and it is not clear whether discovery has been completed or whether this case might be resolvable on summary judgment.  At present, the only motion pending is Defendants' motion to consolidate this action with the ongoing forfeiture proceeding.  That motion currently remains under advisement.

Having denied Plaintiff's motion to dismiss the Court finds it necessary to clarify the status of this case going forward.  In lieu of a status conference, each party is directed to submit, within thirty days of this order, a statement of its view of the status of this case, including the potential for resolution before trial, and proposed deadlines for an amended scheduling order.  Based on those submissions the Court will enter an amended scheduling order.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Defendants' second motion to dismiss for failure to join indispensable parties is **denied**;

(2) Plaintiff's motion for sanctions is **denied**; and,

(3) each party shall submit, within thirty days of this order, a statement of its view of the status of this case, including the potential for resolution before trial, and proposed deadlines for an amended scheduling order.

DATED this 5th day of September, 2007.

BY THE COURT:

_____
Ted Stewart
United States District Judge